Jacob Markowitz, J.
On January 7, 1959, this court confirmed, with a slight modification, the third supplemental report of the Referee, which recommended approval of (1) the sale of all the outstanding stock of Universal Oil Products Company (hereinafter referred to as “Universal”) to Universal Oil Processes, Inc. (hereinafter referred to as “Processes”); (2) the selection by the trustee of Lehman Brothers; Smith Barney & Co., and Merrill Lynch, Pierce, Fenner & Smith, as the managers of the underwriting group to be formed to sell to the public all the shares of Processes, except 5% to be reserved for issuance under a stock option plan; (3) the “ Stock Purchase Agreement” between the trustee and Processes, subject to the court’s subsequent approval of the price; (4) the proposed ‘ ‘ Underwriting Agreement ”, “ Agreement Among Underwriters ” and “ Selling Agreement ” (the agreements referred to in [3] and [4], supra, contain provisions designed to effect the widest practicable distribution of the securities among the members of the investing public); (5) the proposed “Stock Option Plan ” for the employees of Universal; (6) the spread of 5% % °f the initial public offering price, which was to constitute the compensation of the underwriting group; and which further recommended (7) that the final order of the court approving the price and authorizing a sale at that price be made only after the receipt of satisfactory assurances as to various matters set forth in detail in recommendation number 7 made by the Referee, which will be referred to presently. For reasons mentioned in *509 the court’s opinion of January 2 (15 Misc 2d 23, 27, 31), the court adopted the Referee’s further recommendation that the hearing of the motion to confirm the third supplemental report should not be concluded on January 6, 1959, the original return day of the motion, but should instead be adjourned for the purpose of (1) having the court consider the adequacy of the price to be obtained by the trustee upon the sale of the Universal stock to Processes, and (2) furnishing to the court satisfactory assurances as to the matters referred to in Referee’s recommendation number 7.
The adjourned hearing was held before this court on February 2 and 4, 1959, on notice dated January 29, 1959. The following appeared and were represented by counsel at the adjourned hearing: the trustee, the income beneficiary, the intervenor-respondent Independent Refiners, the managing underwriters, Universal Oil Products Company, Universal Oil Processes, Inc., and the Attorney-General of the State of New York. Among others present were the Referee and the court-appointed advisers.
At the adjourned hearing:
[i] Messrs. Joseph A. Thomas, partner in Lehman Brothers, on behalf of the managing underwriters, and J. Luther Cleveland, chairman of the board of the Guaranty Trust Company of New York, on behalf of the trustee, testified that the several underwriters proposed to offer the 2,900,000 shares of the capital stock of Universal Oil Processes, Inc., included in the registration statements filed with the Securities and Exchange Commission on January 13, 1959 and amendments thereto, at the initial public offering price of $25 per share, making a total offering price of $72,500,000 with an underwriting spread of 5%% of the initial public offering price;
[ii] They also testified that $68,693,750 was the net price which they had negotiated and agreed upon, subject to the approval of this court, for the purchase and sale of the capital stock of Universal Oil Products Company pursuant to the Stock Purchase Agreement which they proposed to sign promptly in the form submitted, which agreement also provides for the prepayment of the $2,800,000 principal amount of the 5% twenty-year sinking-fund debentures of Universal Oil Products Company held by the trustee at the principal amount thereof, plus premium amounting to $63,000, plus accrued interest to the date of prepayment, making a total of $71,556,750 to be received by the trustee as a result of said transaction, together with accrued interest on the afore-mentioned debentures;
*510 [iii] The affidavits of Mr. Thomas, sworn to January 30,1959 and February 2, 1959, were filed, setting forth the steps taken by the managing underwriters and others in an effort to assure widest practicable public distribution;
[iv] The expert advisers to the court, The First Boston Corporation and Ebasco Services Incorporated, through Messrs. Milton C. Cross, a vice-president and director, and Robert L. Schlesinger, chief financial consultant, respectively, filed statements as to a fair and reasonable price and approved the aforementioned price as fair and reasonable ;
[v] The American Chemical Society, through its counsel, Elisha Hanson, Esq., and Dr. Arthur C. Cope, chairman of the board of directors, and Ralph R. Connor and Dr. Louis P. Hammett, members of the executive committee, approved the price as fair and reasonable;
[vi] Universal Oil Products Company, through its counsel, John G. Woods, Esq., and David W. Harris, chairman of the board and chief executive officer, and Maynard P. Venema, president, approved the price as fair and reasonable;
[vii] The Attorney-General of the State of New York, through P. Hodges Combier, Esq., certified that he found the price to be provident and not objectionable ;
[viii] The Referee, Louis M. Loeb, Esq., after a review of the reports and recommendations heretofore referred to likewise approved the price as fair and reasonable.
At the adjourned hearing date, the court received satisfactory assurances as to the matters referred to in Referee’s recommendation 7, viz.: (a) that the proposed “Stock Purchase Agreement ’ ’ would be executed, without any material change, immediately following the signing of the order authorizing the trustee to execute said agreement; (b) that the proposed “Underwriting Agreement ”, “Agreement Among Underwriters ”, and “ Selling Agreement” would be promptly executed with no material changes except for an amendment to the last two documents agreed to by each underwriter; (c) that the proposed amended agreements between Universal and the intervenor-respondents had been approved, without material changes, by Universal’s board of directors, executed by Universal and the intervenors and ratified by the trustee and by Lehman Brothers, the sole stockholder of Processes; (d) that the by-laws of Processes had been amended to provide for classification of its directors, in the manner proposed, and that a nominee of intervenors had been elected to serve as a director of Processes for a term expiring at the annual meeting in 1961, both of which *511 actions are to become effective upon the merger of Universal and Processes; (e) that the certificate of incorporation of Processes had been amended to authorize the issuance of 3,053,000 shares of capital stock, 2,900,000 of which are to be sold to the public and 153,000 of which will be reserved for issuance pursuant to the proposed “ Stock Option Plan”; (f) that the proposed “ Stock Option Plan ” had been adopted, without any material change, by the sole stockholder of Processes and by the board of directors of Universal, and that the options would be allocated promptly following the merger, substantially in the manner and to the extent proposed by the trustee and by Universal’s president at the hearing held before the Referee on December 15, 1958.
Many of the acts and procedures referred to herein require performance subsequent to the making of the order to be entered hereon.
Accordingly, the third supplemental report of the Referee, dated December 22, 1958, is confirmed in all respects. The amount of $72,500,000 is hereby approved as the gross sales price for all the capital stock of Universal Oil Products Company held by the Guaranty Trust Company of New York as Trustee of the Petroleum Research Fund, and said trustee is hereby authorized to execute the stock purchase agreement heretofore referred to and to consummate the sale of said stock at such price and upon the terms and conditions therein set forth and heretofore and herein approved, and the said trustee is further authorized to accept prepayment of all the outstanding 5% twenty-year sinking-fund debentures of the Universal Oil Products Company in accordance with the provisions of the stock purchase agreement; and $72,500,000 is hereby approved as the initial public offering price for 2,900,000 shares of the capital stock of Universal Oil Processes, Inc.
The order to be entered on the proceedings heretofore had herein, on the decision of January 7, 1959, and on this decision, shall be the final order in this proceeding in respect of all of the matters relating to the sale of the securities of Universal Oil Products Company by Guaranty Trust Company of New York as trustee of the Petroleum Research Fund. However, this court retains jurisdiction to issue such further orders directed to the parties appearing at this hearing as may be necessary to enforce the carrying out of the foregoing and the terms and conditions of the agreements approved. Such order shall not be deemed the final order in respect of any matters relating to the issue of the compensation of the Guaranty Trust Company *512 of New York as such trustee, which this court has previously ordered held in abeyance. The trustee is directed to file its account in this proceeding with this court within four months of the date hereof and thereupon move for settlement on 20 days’ notice. Upon settlement of said account, the question of the compensation of the trustee will be determined. All matters pertaining to the compensation of the Referee, the court-appointed advisers, and counsel, are also reserved for determination on such settlement.
All parties consent to the entry of an order substantially in the form submitted to the court and waive the right to appeal from all or any part thereof.
Submit order, indorsed with the consents of the parties.